IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BRIAN PERCENTIE                                                                                    PLAINTIFF
3010 Hikes Lane, No. 207
Louisville, Kentucky 40220

                                                          Case No.  3:15-CV-824-DJH

v.

                                                          Judge_____

BANK OF AMERICA, N.A. d/b/a
BAC HOME LOANS SERVICING, LP                                                         DEFENDANTS
100 North Tryon Street
Charlotte, North Carolina 28255

        SERVE:      Brian Moynihan, Chairman, Board of Directors
                          100 North Tryon Street
                          Charlotte, North Carolina 28255
                          (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:      The Prentice Hall Corporation System
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

   SERVE:  CT Corporation System
         306 W. Main Street, Suite 512
         Frankfort, Kentucky 40601
         (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Brian Percentie, by counsel, and for his Verified Complaint against the Defendants, Bank of America, N.A. d/b/a BAC Home Loans Servicing, LP ("BOA"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), arising out of BOA's false reporting to Equifax, Trans Union and Experian, of an alleged delinquent debt, and Equifax's, Trans Union's and Experian's failure to correct BOA's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

### II. PARTIES

2. Plaintiff, Brian Percentie, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3010 Hikes Lane, No. 207, Louisville, Kentucky 40220.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5. Defendant, BOA, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28255.

6. BOA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. BOA is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

17. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

18. On or about August 5, 2009, BOA filed a foreclosure action against Plaintiff and Plaintiff's wife, Tanyeka Percentie, in the Jefferson Circuit Court in Louisville, Kentucky styled <u>BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP v. Brian Percentie et al.</u>, Case No. 09-CI-007833, respecting property owned and occupied by the Percenties located at 4322 Lonsdale Avenue in Louisville.

19. On or about July 22, 2014, the Jefferson Circuit Court denied Plaintiff's Motion to Set Aside Default Judgment, entered judgment in favor of BOA on its Motion for Default Judgment, and ordered the property to be sold.

20. On or about September 17, 2014, the Jefferson Circuit Court entered an Agreed Order Amending Judgment and Order of Sale reflecting BOA's agreement that the judgment

against Plaintiff was *in rem* only and its further agreement to waive any right to deficiency after the sale of the property.

21. Upon information and belief, the property was sold in or around March 2015.

22. In February 2015, Plaintiff, while in the process of seeking home mortgage financing, accessed his Equifax, Trans Union and Experian credit reports and discovered derogatory entries furnished by BOA referencing the alleged home mortgage debt. Equifax, Trans Union and Experian reported the alleged debt with an alleged balance of $91,428.00 and a "past due" balance of $52,157.00.

23. In February 2015, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the alleged BOA balance and past due amount based upon BOA's agreement that its judgment against Plaintiff was *in rem* only and that BOA would waive any right to a deficiency on the subject property.

24. Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified BOA of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

25. In March 2015, Equifax, Trans Union and Experian verified the alleged BOA balance and past due amount.

26. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, BOA, Equifax, Trans Union, and Experian failed to remove the disputed items from Plaintiff's credit report. Upon information and belief, BOA, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following BOA's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

27. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – BOA

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. BOA's false reporting to Equifax, Trans Union, and Experian regarding the alleged balance and past due amount was negligent under applicable law. In falsely reporting the alleged balance and past due amount, BOA breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

30. BOA's false reporting to Equifax, Trans Union and Experian regarding the alleged balance and past due amount has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. BOA's false reporting to Equifax, Trans Union and Experian regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

31. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Equifax's failure to remove BOA's false report of Plaintiff's alleged BOA balance and past due amount from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove the alleged past due account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting

disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

33. Equifax's negligent failure to remove BOA's alleged balance and past due amount from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34. Equifax's failure to remove BOA's alleged balance and past due amount from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Trans Union

35. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Trans Union's failure to remove BOA's false report of Plaintiff's alleged balance and past due amount from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to remove the alleged balance and past due amount, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

37. Trans Union's negligent failure to remove BOA's alleged balance and past due amount from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

38. Trans Union's failure to remove BOA's alleged balance and past due amount from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report,

was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

39. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Experian's failure to remove BOA's false report of Plaintiff's alleged BOA balance and past due amount from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to remove BOA's false report of Plaintiff's alleged BOA balance and past due amount, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

41. Experian's negligent failure to remove BOA's false report of Plaintiff's alleged BOA balance and past due amount from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

42. Experian's failure to remove BOA's false report of Plaintiff's alleged BOA balance and past due amount from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – BOA

43. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. BOA, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax,

Trans Union, and Experian credit reports, that Plaintiff has a balance with BOA in the amount of $91,428.00 and a "past due" balance in the amount of $52,157.00. BOA's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45. BOA's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged BOA balances amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, BOA and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a balance with BOA in the amount of $91,428.00 and a "past due" balance in the amount of $52,157.00. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged BOA balances amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, BOA and other currently

unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a balance with BOA in the amount of $91,428.00 and a "past due" balance in the amount of $52,157.00. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged BOA balances amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

52. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, BOA and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a balance with BOA in the amount of $91,428.00 and a "past due" balance in the amount of $52,157.00.. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

54. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged BOA balances amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – BOA

55. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56. BOA's initial and continuing false reporting to Equifax, Trans Union, and Experian

10

of Plaintiff's alleged BOA balance and past due amount is a violation of BOA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

57. BOA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which BOA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

58. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59. Equifax's failure to remove the disputed BOA balances from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

62. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63. Trans Union's failure to remove the disputed BOA balances from Plaintiff's credit

report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

66. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. Experian's failure to remove the disputed BOA balances from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – BOA

70. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71. BOA's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged BOA balance and past due amount, despite BOA's knowledge of the falsity of its reporting, is a willful violation of BOA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

72. Given BOA's knowledge of the falsity of its reporting, BOA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which BOA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

73. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. Equifax's failure to remove the BOA balances from Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of

Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

77. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78. Trans Union's failure to remove the BOA balances from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

81. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

82. Experian's failure to remove the BOA balances from Plaintiff's Experian credit

report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

83. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

84. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the Truth in Lending Act – BOA

85. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86. BOA's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged BOA balance and past due amount is a violation of BOA's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

87. BOA's violations of the TILA entitle Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Brian Percentie, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Brian Percentie, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

                                                                                               _____

                                                                                                Brian Percentie

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
|  | ) SS |
| COUNTY OF JEFFERSON | ) |

Subscribed, sworn to and acknowledged before me by Brian Percentie this ____ day of _____, 2015.

                                                                                      _____

                                                                                       Notary Public

                                                                                       Commission expires:_____